JOURNAL ENTRY and OPINION
{¶ 1} Stanley Lofton appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of escape for his failure to report to his post-release control officer following his release after serving an eight day term of incarceration. On appeal, he claims that the verdict is against the manifest weight of the evidence, and insufficient to support a guilty verdict. Upon review of the record and careful study of applicable law, we must reject his contentions and affirm the judgment of the court.
 {¶ 2} The transcript here reflects that in August of 1999, Lofton pled guilty to aggravated assault in case number 359528 and the court sentenced him to the state penal institution on August 12, 1999. He was released eight days later, on August 20, 1999, and began serving a period of post-release control at that time under supervision of Officer Lisa Payovich. Payovich left the department and Officer Shaun Riddle assumed her caseload.On September 8, 2000, Lofton reported to Riddle's office for an explanation of the conditions of his post-release control, which included signing a supervision form; at that time, Riddle ordered him to report on a weekly basis. Lofton, however, next reported on September 27, 2000, and never again reported. Riddle called him, left several telephone messages on his answering machine, and finally spoke to him on October 25, 2000, informing him that he had been declared a parole violator.
 {¶ 3} On April 30, 2001 a grand jury indicted Lofton for escape. That case proceeded to trial.
 {¶ 4} Riddle testified for the state that he became Lofton's post-release control officer on January 31, 2000, and that on September 8, 2000 he met with Lofton and outlined the terms of his post-release control which included weekly personal meetings. Riddle testified as follows:
 {¶ 5} "I told him that he needed to report to me on a weekly basis because of the fact that he had some other issues that were going on, and so we can try to get some things going, I need to see him frequently because he has a history of not coming in."
 {¶ 6} Lofton did not report until September 27, 2000, despite several telephone calls from Riddle. At that meeting, Riddle told Lofton that he must report on a weekly basis in order to comply with his post-release control and that his failure would be considered a violation. Because he failed to comply, Riddle declared Lofton to be a parole violator on October 25, 2000.
 {¶ 7} Lofton testified that he did not have to report on a weekly basis and that the two had orally agreed that he would only have to report upon request. Lofton testified:
 {¶ 8} "We had an agreement when I got out that I was doing some work at my mother's house. Most of the work I'm doing, a lot of stuff was being torn down that I had to put back together, and I told him, I said listen, when you really need me, sir give me a call and I have been at this number here."
 {¶ 9} Lofton testified that the condition of supervision form directed him to personally meet with Riddle on a weekly basis, "doesn't mean nothing" and that he only "did what the man asked him to do."
 {¶ 10} Following trial, the jury returned a verdict of guilty on the charge of escape and the court imposed a sentence of two years with credit for time served of 147 days.
 {¶ 11} Lofton now appeals, raising two assignments of error. The first states:
 {¶ 12} "THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} Lofton maintains that the verdict is against the manifest weight of the evidence, primarily challenging Riddle's credibility and maintaining that the evidence showed that an oral agreement existed between them which modified the written terms of his post-release control. Lofton argues that the testimony of Riddle was "uncertain, unreliable and contradictory * * *." Lofton does not argue that he met with Riddle on a weekly basis; rather, he argues he did not have to report at all.
 {¶ 14} The state presented Riddle's testimony as well as the written condition of supervision form, which mandates personal weekly meetings. The state asserts that looking at the totality of the circumstances, the jury properly evaluated the evidence and returned a verdict of guilty.
 {¶ 15} The issue then presented for review concerns whether Lofton's conviction is against the manifest weight of the evidence.
 {¶ 16} In State v. Thompkins (1997), 78 Ohio St.3d 380, the court cited Martin for its summary of the standard of review for a manifest-weight claim:
 {¶ 17} "* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. (Citations omitted.)"
 {¶ 18} Furthermore, we are mindful that the weight of the evidence and the credibility of witnesses are primarily issues for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We also recognize that the trier of fact is entitled to believe or not to believe all, part, or none of the testimony of the witnesses who testify at trial. State v. Antill (1964), 176 Ohio St. 61.
 {¶ 19} R.C. 2921.34(A)(1) defines the crime of escape as follows:
 {¶ 20} "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 21} R.C. 2921.01(E) defines detention to include "* * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution * * *."
 {¶ 22} At trial the evidence demonstrated Lofton became subject to post-release control upon his release from his eight-day prison sentence and that he failed to report to Officer Riddle as directed. Lofton, during his case in chief, admitted that he violated the reporting requirements, but claimed that Officer Riddle permitted him to do so. Because R.C. 2921.01(E) defines detention to include supervision of a person on any type of release from a state correctional institution, Lofton became subject to indictment for escape by not reporting as required by his post-release control officer.
 {¶ 23} We note, however, that had Lofton been granted probation and failed to report, he may face a sanction of becoming a probation violator, but would not be subject to indictment for escape because probation supervision is not part of the definition of detention listed in R.C. 2921.01(E).
 {¶ 24} From the evidence presented, therefore, we cannot conclude the jury lost its way when it convicted Lofton of the crime of escape. This assignment of error is without merit and is overruled.
 {¶ 25} The second assignment of error states:
 {¶ 26} "MR. LOFTON'S RIGHTS UNDER ARTICLE I
SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES WERE VIOLATED AND HE WAS ENTITLED TO A CRIM.R. 29 ACQUITTAL WHEN HIS CONVICTION FOR ESCAPE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 27} Lofton contends that the facts are insufficient to sustain his conviction. The state contends there was sufficient evidence such that any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.
 {¶ 28} As to the claim of insufficient evidence, Crim.R. 29(A) states, in relevant part:
 {¶ 29} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 30} The test for sufficiency raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Martin (1983), 20 Ohio App.3d 172, the court summarized the standard of review for a sufficiency claim:
 {¶ 31} "* * * [T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence." (Citations omitted.)
 {¶ 32} Here, Officer Shaun Riddle testified that Lofton became subject to post-release control upon his release from prison and that he failed repeatedly to abide by the conditions of supervision which included the specific requirement that he report on a weekly basis.
 {¶ 33} Given this evidence, and viewing the inferences reasonably drawn therefrom in the light most favorable to the prosecution, we conclude any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. Thus, Lofton's conviction is sustained by sufficient evidence. This assignment of error is without merit and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).